IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COMPLAINT OF:

CAMPBELL TRANSPORTATION
COMPANY, INC

for Exoneration or Limitation of Liability

Civil Action No.

In Admiralty

**COMPLAINT OF CAMPBELL TRANSPORTATION COMPANY, INC.
FOR EXONERATION OR LIMITATION OF LIABILITY**

Plaintiff Campbell Transportation Company, Inc. ("CTC"), by its attorneys, Dennis A. Watson, Holly M. Whalen, Ruth M. Gunnell, and Grogan Graffam, P.C., brings this Complaint for Exoneration or Limitation of Liability and aver:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333, in that this is a civil suit arising under the Court's admiralty and maritime jurisdiction, 46 U.S.C. § 30501 et seq., known as the Vessel Owners Limitation of Liability Act, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. CTC is a Pennsylvania corporation with a principal place of business at Foxpointe Centre, Building #1, Suite 103, 201 South Johnson Road, Houston, PA 15342.

3. On April 1, 2010, C&C Marine Maintenance Company ("C&C") was a Pennsylvania corporation and a wholly-owned subsidiary of CTC with a principal place of business at Foxpointe Centre, Building #1, Suite 103, 201 South Johnson Road, Houston, PA 15342.

4. On September 27, 2012, C&C merged with and into CTC, with CTC being the surviving corporation.

5. Venue is proper in this District pursuant to Rule F(9) because CTC, C&C, Barge CBL 7708, and Barge CBL 7711 have been sued by Raymond Kirich and Patricia Kirich (collectively, "the Kiriches") in this District at No. 2:12-cv-01379 ("the Kirich Lawsuit"). Neither Barge CBL 7708 nor CBL 7711 has been attached or arrested.

6. The Kiriches allege in their complaint filed in the Kirich Lawsuit (the "Kirich Complaint") that on April 1, 2010, CTC and C&C "owned, operated, directed, controlled, managed and caused to be navigated and maintained in commercial navigation . . . motor-powered vessels and tows of barges tied in therewith, including Barges CBL 7708 and CBL 7711."

7. CTC brings this Complaint for Exoneration or Limitation of Liability because it owned Barges CBL 7708 and CBL 7711 on April 1, 2010.

8. CTC also brings this Complaint for Exoneration or Limitation of Liability as the surviving corporation in the CTC-C&C merger because the Kirich Complaint alleges that C&C was an owner or *pro hac vice* owner of Barges CBL 7708 and CBL 7711 on April 1, 2010.

9. CTC and C&C first received written notice of the Kiriches' potential claim upon receipt of the Kirich Complaint on September 24, 2012.

10. Pursuant to Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, this action has been timely filed within six (6) months of receipt of a claim in writing.

## COUNT I

## CLAIM FOR EXONERATION FROM LIABILITY

11. CTC incorporates paragraphs 1-11 by reference.

12. On April 1, 2010 Barges CBL 7708 and CBL 7711 were vessels as that term is used in 46 U.S.C. § 30501 et seq. (regarding limitation of vessel owner's and charterer's liability), and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, bearing Official Numbers 583348 and 583351, respectively. Said barges were vessels documented under the laws of the United States, which were tight, staunch, strong, fully and properly manned, equipped and supplied, and in all respects seaworthy and fit for the service in which they were engaged.

13. The Kirich Complaint alleges, *inter alia*, that:

    a. on April 1, 2010 Barges CBL 7708 and CBL 7711 were allegedly located the Arrow Concrete Company facility at or about Mile 2.2 of the Monongahela River, a navigable waterway of the United States;

    b. on April 1, 2010 Raymond Kirich was a longshore or harbor worker employed by Richard Lawson Excavating, Inc. ("Lawson");

    c. Lawson was retained as an independent contractor by River Salvage Co. to unload open-hopper barges containing sand and gravel at the facility of Arrow Concrete Company of Pennsylvania, Inc.;

    d. while Raymond Kirich was unloading gravel from barges as directed by his employer, "he was caused to slip on the gunnel of either CBL 7708 or CBL 7711 and fall to the bottom of the hold (cargo box) of such barge . ...";

    e. Raymond Kirich's fall was caused in all or in party by the negligence of CTC and/or C&C and/or Barge 7708 and/or Barge 7711;

    f. as a result of the his fall April 1, 2010, Raymond Kirich suffered injuries to his right and left ankles and ribs, as well as aggravation of a preexisting atrial fibrillation condition and other injuries; and

    g. as a result of the alleged incident of April 1, 2010, Patricia Kirich suffered a loss of consortium.

14. The Kiriches' Complaint seeks damages in excess of $75,000.00.

15. The Kirich Complaint names Essroc Cement Company ("Essroc") as a defendant on a theory of negligence. Essroc has filed crossclaims against CTC and C&C.

16. The Kirich Complaint names Hanson Aggregates BMC, Inc., Hanson Aggregates PMA, Inc., and Hanson Aggregates Pennsylvania, Inc. as defendants (collectively the "Hanson Aggregate Defendants") as a defendant on a theory of negligence. The Hanson Aggregate Defendants have filed crossclaims against CTC and C&C.

17. Defendant Barges CBL 7708 and CBL 7711 were not damaged, lost, or abandoned in this alleged incident of April 1, 2010..

18. CTC avers that any alleged losses, damages and injuries claimed or which may be claimed by the Kiriches or other individuals, or by their agents, representatives or insurance carriers, or by any others, as a result of the incident of April 1, 2010, were not caused or contributed to by any fault, neglect, want of care, or recklessness by CTC or C&C and that Barges CBL 7708 and CBL 7711 were not in a defective, unseaworthy, or unreasonably dangerous condition.

19. CTC claims exoneration from any and all losses, damages and injuries to any person or entity occasioned or incurred by or arising out of the aforesaid alleged incident of April 1, 2010, and avers that it has valid defenses thereto on the facts and on the law.

## COUNT II

### ALTERNATIVE CLAIM FOR LIMITATION OF LIABILITY

20. CTC incorporates paragraphs 1-19 by reference.

21. The approximate value of Barge CBL 7708 immediately after the alleged incident of April 1, 2010, was $50,000.00, as set forth in the Verification of Value of Paul C. Peoples, which is attached hereto and incorporated herein as Exhibit A.

22. The approximate value of Barge CBL 7711 immediately after the alleged incident of April 1, 2010, was $50,000.00, as set forth in the Verification of Value of Paul C. Peoples, which is attached hereto and incorporated herein as Exhibit B.

23. The approximate value of the pending freight of Barge CBL 7708 immediately after the alleged incident of April 1, 2010, was $0.00, as set forth in the Verification of Freight Pending of Steven Grizzel, which is attached hereto and incorporated herein as Exhibit C.

24. The approximate value of the pending freight of the Barge CBL 7711 immediately after the alleged incident of April 1, 2010, was $0.00, as set forth in the Affidavit of Freight Pending of Steven Grizzel, which is attached hereto and incorporated herein as Exhibit D.

25. Neither Barge CBL 7708 nor Barge CBL 7711 has been attached or arrested to answer concerning said alleged incident.

26. Upon information and belief, CTC avers that any claims that may be asserted against it in its own right and/or as the surviving corporation in the CTC-C&C merger, even though not meritorious, may exceed the value of the Barges CBL 7708 and/or CBL 7711, and the freight then pending for each barge.

27. There are no existing demands, unsatisfied liens or claims of liens against Barges CBL 7708 and CBL 7711 in contract or in tort or otherwise, arising from the voyage described above on April 1, 2010.

28. Alternatively, to the extent CTC is liable, which is denied, CTC claims the benefit of the limitation of liability provisions contained at 46 U.S.C. § 30501 et seq., and in particular, § 30505, and also claims that its liability, if any, be limited to the value of Barge CBL 7708 and/or Barge CBL 7711, depending upon which barge the Kiriches prove was the barge upon which Husband-Plaintiff's accident took place, together with the freight for that barge pending immediately after the incident.

29. CTC hereby offers and files an *Ad Interim* Stipulation for Value for Barge CBL 7708 in the sum of $50,000.00, which is attached hereto and incorporated herein as Exhibit E, plus interest at the rate of six percent (6%) per annum, said sum being equal to CTC's aggregate interest in Barge CBL 7708 and freight then pending for Barge CBL 7708 immediately after the April 1, 2010 incident.

30. CTC hereby offers and files an *Ad Interim* Stipulation for Value for Barge CBL 7711 in the sum of $50,000.00, which is attached hereto and incorporated herein as Exhibit F, plus interest at the rate of six percent (6%) per annum, said sum being equal to CTC's aggregate interest in Barge CBL 7711 and freight then pending for Barge CBL 7711 immediately after the April 1, 2010.

31. A Letter of Undertaking, securing the *Ad Interim* Stipulation of Value is attached hereto and incorporated herein as Exhibit G.

32. All and singular, the foregoing premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Campbell Transportation Company, Inc. hereby requests the following relief:

a. That this Court find that Campbell Transportation Company, Inc., both in its own right and/or as the surviving corporation in the CTC-C&C merger, is not liable for any damages, demands, or claims whatsoever arising out of or connected with the relevant alleged incident of April 1, 2010, and is therefore exonerated from liability;

b. Alternatively, that if any liability exists, which is denied, that such liability be limited to the value of Barge CBL 7708 and its freight then pending immediately after the alleged incident of April 1, 2010, individually or collectively, as the case may be, and that the amount of value secured as aforesaid be divided pro rata among all claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree be entered discharging Campbell Transportation Company, Inc., both in its own right and/or as the surviving corporation in the CTC-C&C merger, from all other or further liability arising out of the aforementioned accident;

c. Alternatively, that if any liability exists, which is denied, that such liability be limited to the value of Barge CBL 7711 and its freight then pending immediately after the alleged incident of April 1, 2010, individually or collectively, as the case may be, and that the amount of value secured as aforesaid be divided pro rata among all claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally

entitled, and that a decree be entered discharging Campbell Transportation Company, Inc., both in its own right and/or as the surviving corporation in the CTC-C&C merger, and C&C Marine Maintenance Company from all other or further liability arising out of the aforementioned accident;

d. That an injunction be issued enjoining the commencement or further prosecution of any action against Campbell Transportation Company, Inc., C&C Marine Maintenance Company, and Barges CBL 7708 and CBL 7711, with respect to or arising out of the aforementioned accident;

e. That this Court cause a notice to be issued to all persons, firms and corporations having or alleging to have claims against Campbell Transportation Company, Inc. or C&C Marine Maintenance Company for any and all losses, damages, or injuries occasioned or arising out of the aforementioned alleged incident occurring on or about April 1, 2010, citing them to file their respective claims with the Clerk of this Court or be forever barred, and to serve copies thereof on the undersigned attorneys for Campbell Transportation Company, Inc. and also to appear and answer the allegations of this Complaint on or before a date to be named in the notice; and

f. That Campbell Transportation Company, Inc. be awarded such other and further relief as may be just and proper and as this Court may deem appropriate.

        Respectfully submitted,

        GROGAN GRAFFAM, P.C.

By:  */s/ Dennis A. Watson*
     Dennis A. Watson, Esquire
     PA ID No. 25500
     Holly M. Whalen, Esquire
     PA ID No. 84878
     Ruth M. Gunnell, Esquire
     PA ID No. 209007
     Four Gateway Center, 12th Floor
     Pittsburgh, PA 15222
     Phone: (412) 553-6300
     *Attorneys for Plaintiffs Campbell Transportation Company, Inc.*

## **CORPORATE VERIFICATION**

I, Steven Grizzel, hereby certify that I am authorized to make this verification on behalf of Campbell Transportation Company, Inc., named in the foregoing lawsuit; that the said Complaint for Exoneration or Limitation of Liability, was prepared with assistance and advice of counsel and in specific reliance upon representations and documentation provided to me and other documents and information made available to me and subject to inadvertent or undiscovered errors, limited by the records and information provided to me, presently in existence, recollected and thus far discovered; and that subject to the limitations set forth herein, the said Complaint for Exoneration or Limitation of Liability, is true and correct to the best of my knowledge, information and belief.

DATED: 3-14-13

CAMPBELL TRANSPORTATION
COMPANY, INC.

By: _____
Steve Grizzel
Director of Human Resources